NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 5 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50231 |
| Plaintiff-Appellee, | D.C. No. 2:11-CR-1075-SJO-6 |
| v. | |
| ARTAK OVSEPIAN, | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50026 |
| Plaintiff-Appellee, | D.C. No. 2:11-CR-1075-SJO-3 |
| v. | |
| KENNETH WAYNE JOHNSON, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted August 10, 2018
Pasadena, California

Before: CALLAHAN and NGUYEN, Circuit Judges, and EZRA,** District Judge.

---

&ast; This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

In these consolidated appeals, Appellants Artak Ovsepian ("Ovsepian") and Kenneth Johnson ("Johnson") raise two principal arguments: first, Ovsepian and Johnson argue that their consecutive sentences for aggravated identity theft under 18 U.S.C. § 1028A bar an enhancement under U.S.S.G. § 2B1.1(b)(11)(A)(ii) as impermissible double-counting because the sentences are based on the unlawful use of a means of identification, *see* U.S.S.G. § 2B1.6 cmt. n.2; and second, Ovsepian contends that his 15-year sentence is substantively and procedurally unreasonable under 18 U.S.C. § 3553(a) because it created an unwarranted sentence disparity with Johnson. Johnson does not challenge the reasonableness of his sentence.

**I.      Enhancement Under U.S.S.G. § 2B1.1(b)(11)(A)(ii).**  We review the district court's interpretation of the Guidelines de novo, the district court's factual findings for clear error, and the district court's application of the Sentencing Guidelines to the facts of the case for abuse of discretion. *United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017).

Despite Appellants' argument to the contrary, under the facts in this case, Application Note 2 to section 2B1.6 did not bar the two-level authentication-feature enhancement under U.S.S.G. § 2B1.1(b)(11)(A)(ii). Accordingly, the district court did not err in applying the two-level enhancement

---

**          The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

under U.S.S.G. § 2B1.1(b)(11)(A)(ii).

**II.     Reasonableness of Sentence.**  In his last issue on appeal, Ovsepian argues that the district court procedurally erred because it did not state with sufficient specificity its reason for imposing a significantly disparate sentence from that of his co-defendant Johnson.  Ovsepian also contends that his sentence is substantively unreasonable because of the significant disparity between his and Johnson's sentences.

Because Ovsepian failed to raise his procedural argument before the district court, we review the procedural reasonableness of his sentence for plain error. *United States v. Rangel*, 697 F.3d 795, 800–01 (9th Cir. 2012) ("Where a procedural sentencing error is raised for the first time on appeal, it is reviewed for plain error.").  We review the substantive reasonableness of Ovsepian's sentence for abuse of discretion.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).

Here, the record contains ample reasons for the disparity in sentences.  The district court explained that it imposed a harsher sentence on Ovsepian because he and Johnson had engaged in different criminal conduct, all of which had occurred under Ovsepian's direction and leadership.  As a result of his leadership role, Ovsepian received an enhancement, whereas Johnson received no such enhancement.  Moreover, the district court explained that, unlike Johnson, Ovsepian acted as one of the managers of the scheme and participated in numerous

aspects of the conspiracy. The district court also cited the fact that Ovsepian received a greater monetary benefit from the scheme.

The record reflects that the district court considered and rejected Ovsepian's arguments regarding the sentencing disparity and gave thoughtful attention to the criteria set forth in § 3553(a), including the need to avoid unwarranted sentencing disparities, before imposing the sentence. *See* 18 U.S.C. § 3553(a)(6). After completing this review, the district court imposed a sentence that was below the Guidelines range. Based on the record, we conclude that there was no procedural error and that the sentence is substantively reasonable.

For the reasons stated, we **AFFIRM**: (1) the district court's decision to impose a two-level enhancement under U.S.S.G. § 2B1.1(b)(11)(A)(ii); and (2) Appellant Ovsepian's sentence.

**AFFIRMED.**

17-50231